**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas L. Amiot and Rosie Amiot, husband and wife,<br><br>        Plaintiff,<br><br>vs.<br><br>Twin City Fire c/o The Hartford and White Corporation I-X,<br><br>        Defendants. | No. CV-06-1831-PHX-LOA<br><br>**NOTICE OF ASSIGNMENT AND ORDER** |

Pursuant to Local Rule 3.8(a), LRCiv, Rules of Practice effective December 1, 2005, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

As a result of the aforesaid Rule, if all parties consent in writing, the case will remain with the assigned magistrate judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge. To either consent to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The party filing the case or removing

---

[1] The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "forms" on the left side of the page and then click on and print the appropriate

1  it to this Court is responsible for serving all parties with the consent forms. Each party must
2  file a completed consent form and certificate of service with the Clerk of the Court not later
3  than 20 days after entry of appearance, and must serve a copy by mail or hand delivery upon
4  all parties of record in the case.

5  Any party is free to withhold consent to magistrate judge jurisdiction without
6  adverse consequences.  28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; <u>Anderson v.
7  Woodcreek Venture Ltd.</u>, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is
8  the "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. §636(c).

9  A review of the Court's file indicates that Defendants Twin City Fire c/o The
10 Hartford have filed a Notice of Removal on July 24, 2006.

11 Defendants shall have until August 18, 2006, within which to make their
12 selection to either consent to magistrate judge jurisdiction or elect to proceed before a U. S.
13 district judge.  It is unknown if a copy of the appropriate consent form, electronically
14 provided to counsel for Plaintiffs and Defendants by the Clerk at the time the Notice of
15 Removal was filed, was served with the Notice of Removal per the written instructions from
16 the Clerk.

17 Accordingly,

18 **IT IS ORDERED** that the Defendants Twin City Fire c/o The Hartford shall
19 file on or before **August 18, 2006** their written elections to either consent to magistrate judge
20 jurisdiction or elect to proceed before a United States district judge.

21 **IT IS FURTHER ORDERED** that if Defendants have not already done so,
22 Defendants shall serve upon the Plaintiffs the appropriate consent form electronically
23 provided at the time of the filing of their Notice of Removal at the time of service of its
24 Notice of Removal upon the Plaintiffs.

25 **IT IS FURTHER ORDERED** that Plaintiffs shall either consent to proceed
26 before a magistrate judge or elect to proceed before a district judge by **August 18, 2006**.

27 _____

28 form.

1     **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
2 shall hereinafter comply with the Rules of Practice for the United States District Court for
3 the District of Arizona, as amended on December 1, 2005.  The District's Rules of Practice
4 may be found on the District Court's internet web page at www.azd.uscourts.gov/.
5 All other rules may be found as www.uscourts.gov/rules/.  The fact that a party is acting pro
6 se does not discharge this party's duties to "abide by the rules of the court in which he
7 litigates."  Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

    DATED this 3rd day of August, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge